**IN THE COURT OF APPEALS OF IOWA**

No. 23-0832
Filed July 13, 2023

**IN THE INTEREST OF P.M.,**
**Minor Child,**

**J.A., Father,**
        **Appellant,**

**J.M., Mother,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

Parents separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant father.

Kaitlyn C. DiMaria of DiMaria Law, PLLC, Grimes, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Paul White of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

A father and mother separately appeal the termination of their parental rights to their infant child, born in August 2022. The father only claims he should have been granted more time to work toward reunification,[1] while the mother contends that termination of her rights was not in the child's best interests. We review these claims de novo. *See In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

The mother's pregnancy with the child was riddled with substance abuse. She was admitted to the emergency room early in her third trimester due to a heroin overdose. While there, she tested positive for amphetamines and fentanyl, and she reported daily use of methamphetamine. Unsurprisingly, the child tested positive for amphetamines and methamphetamine at birth a few weeks later. Despite all this—and the mother's previous termination of parental rights to two other children due in part to her substance abuse—the mother denied having a drug problem.[2] Due to these and other concerns, the Iowa Department of Health and Human Services obtained an order for temporary removal and filed a child-in-need-of-assistance petition. That petition was granted in October.

The father was identified through paternity testing in January 2023. At that point, the father had just been released from jail for violating the terms of his

---

[1] The heading of the father's sole argument in his petition on appeal questions: "Did the moving party prove by clear and convincing evidence that the father-child parental relationship should be terminated and is termination in the child's best interests?" Yet the substance of his argument is limited to his request for more time.

[2] The prior termination order was entered in 2016. In that order, the juvenile court found "deep seated issues of substance abuse and domestic violence—that are insufficiently treated despite more than a year of open children welfare case and related services—pervade the lives of both parents." We note the father involved in this appeal was not a party to the prior termination proceeding.

probation for a burglary conviction. The father reported a history of substance abuse as well as recent use. While the father told the department he has used "all kinds of drugs in his lifetime," his drug of choice is methamphetamine. The father also has a history of mental-health issues, including a diagnosis of schizophrenia.

By the time of the permanency hearing in February, the mother had taken no steps to address, or even acknowledge, her substance abuse—past or present. And though the father was honest with the department about his issues, he had also taken no steps to address them. As a result, the department recommended the initiation of a termination proceeding. The court agreed, and the State filed a termination petition in March.

Fast forward to the termination hearing in May, neither parent had complied with the department's requests for drug testing. The father testified that he continued to use methamphetamine "as much as [he] can," "multiple times a day," admitting that he "had to get high before [the hearing] to function right." The father seemed to believe that raising children under the influence of methamphetamine is a common and acceptable practice. He explained: "There's millions of people that do that, that have their kids, they're using drugs at this moment, to take their kids high, to school, to do everything." While the caseworker agreed the mother did well with the child at visits, she explained the mother still refused to acknowledge her addiction or its effect on her ability to parent. The mother had also refused to tell the department where she was living after being kicked out of a friend's residence.

Ultimately, the juvenile court terminated the parents' rights, under Iowa Code section 232.116(1)(h) (2023) as to both parents and section 232.116(1)(g)

as to the mother only. The court found termination was in the child's best interests and no permissive exception applied. As to the parents' requests for additional time, the court found neither intended to change or improve, so additional time was not warranted. Both parents appeal.

We begin with the mother's best-interests challenge. Although the mother does not specify how these factors weigh against termination,[3] we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" in determining whether termination is in a child's best interests. Iowa Code § 232.116(2). Given the mother's long history of substance abuse issues, which she did not address or recognize during these proceedings, we summarily conclude termination of her rights is in the child's best interests. *See, e.g.*, *In re R.S.*, No. 22-1985, 2023 WL 2670029, at *2 (Iowa Ct. App. Mar. 29, 2023).

Turning to the father's request for additional time, he "contends the progress he has made in the short time he has been involved in the case warrants a six-month extension." Additional time is only appropriate if we can conclude "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). For starters, the father has not enumerated what specific factors, conditions, or expected behavioral changes will alleviate the need for removal at the end of an extension. *See id.* So all we have to go off of is his

---

[3] The mother only claims termination is contrary to the child's best interests because she "has housing" and has "demonstrate[d] her skill as a 'nurturing' caregiver." The record does not support either of these claims.

past conduct. *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[A] good prediction of the future conduct of a parent is to look at the past conduct."). The father has an ongoing addiction to methamphetamine, and his testimony indicates he has no intention of addressing it. From this evidence, the only conclusion we can reach is that the need for removal will still exist after six months. As such, an extension is not appropriate.

We affirm the termination of both parents' rights.

**AFFIRMED ON BOTH APPEALS.**